UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES BARBER,

    Petitioner,

v.                                                        Case No. 8:11-cv-103-T-23AEP

SECRETARY, Department of Corrections,

    Respondent.
                                                     /

**O R D E R**

Barber petitions under 28 U.S.C. § 2254 for the writ of habeas corpus (Doc. 1) and challenges his convictions for one count of burglary involving an assault and two counts of aggravated assault on a person sixty-five years of age or older, for which convictions Barber serves ten years. Numerous exhibits ("Respondent's Exhibit __") support the response. (Doc. 8)[1] The petition asserts a single ground, which the respondent correctly argues fails to assert a federal question and is both unexhausted and procedurally barred.[2] Barber contends that the state court lacked subject matter jurisdiction because the police officer's report fails to contain a proper oath and affidavit establishing probable cause, which he contends is required by Section 92.50, Florida Statutes.

---

[1] The exhibits are filed electronically and docketed as part of the response.

[2] However, the respondent admits the petition's timeliness. (Response at 2 Doc. 8)

Barber failed to "fairly present" his claim to state court before presenting his claim to this federal court. A petitioner must present each claim to a state court before raising the claim in federal court. "[E]xhaustion of state remedies requires that petitioners 'fairly presen[t]' federal claims to the state courts in order to give the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995), *quoting Picard v. Connor*, 404 U.S. 270, 275 (1971). *Accord Rose v. Lundy*, 455 U.S. 509, 518-19 (1982) ("A rigorously enforced total exhaustion rule will encourage state prisoners to seek full relief first from the state courts, thus giving those courts the first opportunity to review all claims of constitutional error."), and *Upshaw v. Singletary*, 70 F.3d 576, 578 (11th Cir. 1995) ("[T]he applicant must have fairly apprised the highest court of his state with the appropriate jurisdiction of the federal rights which allegedly were violated."). A petitioner must alert the state court that he is raising a federal claim and not just a state law claim.

> A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim "federal."

*Baldwin v. Reese*, 541 U.S. 27, 32 (2004). As a consequence, "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6 (1982). *See also Kelley v. Sec'y for Dep't of Corr.*, 377 F.3d 1271, 1345 (11th Cir. 2004)

("The exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record.") (citations omitted).

Barber failed to assert his challenge on direct appeal. Instead, Barber presented his claim to the state courts in a petition for the writ of habeas corpus. The state court dismissed the petition, advised Barber that a habeas petition was not the proper manner to assert his claim, and suggested that Barber pursue his claim by filing a state Rule 3.850 motion for post-conviction relief. Ignoring the state court's advise, Barber filed this federal petition.

A petitioner requesting a federal court to issue a writ of habeas corpus must present each claim to the state courts in the procedurally correct manner. *Upshaw v. Singletary*, 70 F.3d 576, 579 (11th Cir. 1995). The failure to properly exhaust each available state court remedy causes a procedural default of the unexhausted claim. *O'Sullivan v. Boerckel*, 526 U.S. 838, 847 (1999) ("Boerckel's failure to present three of his federal habeas claims to the Illinois Supreme Court in a timely fashion has resulted in a procedural default of those claims."); *Snowden v. Singletary*, 135 F.3d 732, 736 (11th Cir. 1998) ("[W]hen it is obvious that the unexhausted claims would be procedurally barred in state court due to a state-law procedural default, we can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief."); *Kennedy v. Herring*, 54 F.3d 678, 684 (1995) ("If a claim was never presented to the state courts, the federal court considering the petition may determine whether the petitioner has defaulted under state procedural rules."),

*appeal after remand, Kennedy v. Hopper*, 156 F.3d 1143 (11th Cir.), *cert. denied sub nom Kennedy v. Haley*, 526 U.S. 1075 (1999).

The doctrine of procedural default generally prohibits a federal court from considering a claim that was not presented to the state courts and that would be procedurally defaulted if the petitioner were to return to state court to present the claim. *Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993). A federal court may review a procedurally defaulted claim only upon a showing either (1) "cause for the default and prejudice attributable thereto" or (2) "that failure to consider [the defaulted] claim will result in a fundamental miscarriage of justice." *Harris v. Reed*, 489 U.S. 255, 262 (1989). Barber shows neither cause and prejudice (because he chose to ignore the state court's recommendation to file a post-conviction motion) nor a fundamental miscarriage of justice (because he cannot show actual innocence of the crime of conviction, as required by *Smith v. Murray*, 477 U.S. 527, 537 (1986)). Consequently, Barber's only ground for relief, even if it presented a federal question, is procedurally barred from review on the merits.

Additionally, the omission of an oath and an affidavit as allegedly required by state law fails to assert a federal constitutional question. Federal habeas corpus review of an alleged violation of state law is limited by statute. "The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or

- 4 -

laws or treaties of the United States." 28 U.S.C. § 2254(a). As a general principle, an alleged violation of state law fails to assert a constitutional issue.

> Questions of state law rarely raise issues of federal constitutional significance, because "[a] state's interpretation of its own laws provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." *Carrizales v. Wainwright*, 699 F.2d 1053, 1053-54 (11th Cir. 1983) (citations omitted). We review questions of state law in federal habeas proceedings only to determine whether the alleged errors were so critical or important to the outcome of the trial to render "the entire trial fundamentally unfair." *Id.* at 1054 (defective jury charge raises issue of constitutional dimension "only if it renders the entire trial fundamentally unfair"); *see also Futch v. Dugger*, 874 F.2d at 1487 (improperly admitted evidence "must be inflammatory or gruesome, and so critical that its introduction denied petitioner a fundamentally fair trial"). "[T]he established standard of fundamental fairness [when reviewing state evidentiary rulings] is that habeas relief will be granted only if the state trial error was 'material in the sense of a crucial, critical, highly significant factor.'" *Shaw v. Boney*, 695 F.2d 528, 530 (11th Cir. 1983) (*quoting Hills v. Henderson*, 529 F.2d 397, 401 (5th Cir. 1976)).

*Tejada v. Dugger*, 941 F.2d 1551, 1560 (11th Cir. 1991), *cert. denied*, 502 U.S. 1105 (1992). As a consequence, the petition fails to assert a claim that is subject to federal review even if not procedurally barred.[3]

Accordingly, Barber's petition for the writ of habeas corpus (Doc. 1) is **DENIED**. The clerk shall enter a judgment against Barber and close this case.

---

[3] Additionally, Barber fails to show how an allegedly improper oath and affidavit in a police officer's report divests a state circuit court of subject matter jurisdiction. As a consequence, the ground lacks merit.

### CERTIFICATE OF APPEALABILITY AND
### LEAVE TO APPEAL IN FORMA PAUPERIS

Barber is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). Section 2253(c)(2) limits the issuing of a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a certificate of appealability, Barber must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Barber fails to meet his burden under *Slack*. 529 U.S. at 484. Finally, Barber is not entitled to appeal *in forma pauperis* because he is not entitled to a certificate of appealability.

Accordingly, a certificate of appealability is **DENIED**. Leave to proceed *in forma pauperis* on appeal is **DENIED**. Barber must pay the full $455 appellate filing fee without installments unless the circuit court allows Barber to proceed *in forma pauperis*.

ORDERED in Tampa, Florida, on July 19, 2012.

/s/ Steven D. Merryday

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE